UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01787-JRO-KMB |
| | ) | |
| STEPHANIE RILEY,<br>JOHN MERSHON,<br>JOHN NWANNUNU,<br>CENTURION HEALTH OF INDIANA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

On May 13, 2026, the Court screened plaintiff Christopher Anderson's complaint under 42 U.S.C. § 1983 and dismissed it for failure to state a claim upon which relief may be granted. Dkt. 16. The Court allowed Anderson to submit an amended complaint by June 12, 2026. *Id.* at 3–4. On June 3, 2026, the Court received Anderson's amended complaint. Dkt. 18. Because Anderson is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Mr. Anderson's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants Centurion Health of Indiana, LLC ("Centurion"), and Doctor John Nwannunu, both of whom were named as defendants in the original complaint.

Anderson alleges that Centurion is under contract with the Indiana Department of Correction ("IDOC") to provide medical services to prisoners at Pendleton Correctional Facility ("Pendleton"), where he is incarcerated. He says Centurion "instituted a culture of practices and customs that were enforced as a policy." Dkt. 18 at ¶ 1. He alleges that Centurion's medical providers use these policies "to act with deliberate indifference" towards inmates' serious medical needs, including Anderson's, and to save money. *Id.*, ¶¶ 1, 3.

Anderson alleges that from March 2023 to late fall 2025, he suffered severe pain from unspecified injuries to his face, knee, and hip. He says these injuries caused "continuous bleeding and prolonged suffering." *Id.*, ¶ 2. He alleges that Centurion's policy of delaying and refusing medical treatment prolonged his pain. He states that Centurion "knew and was also aware" that he needed medical care, but it maintained its policy or practice not to provide him the care and medication that he needed. *Id.*, ¶ 8.

Anderson alleges that Dr. Mwannunu works for Centurion and follows their practice or custom of delaying medication and treatment. He states that Dr. Mwannunu "was aware" that Anderson needed medical treatment from March 2023 to late fall 2025, but he persisted in his inadequate care and prolonged Anderson's pain and suffering. *Id.*, ¶ 11. Anderson alleges that he told Dr. Mwannunu "several times during this period that [his] pain level was a 15 out of 10," but Dr. Mwannunu ignored his complaints and continued to delay his treatment and pain medication. *Id.*, ¶ 13.

Anderson claims that the defendants' actions violated his rights under the Eighth Amendment. He asks that the defendants be ordered to treat him "humanely and the same as other prisoners in the future to avoid undue harm, pain[,] and suffering." *Id.*, ¶ 14. He also seeks declaratory judgment that the defendants' actions violated his rights and compensatory and punitive damages.

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the amended complaint, the following claims shall proceed as submitted.

Anderson **shall proceed** on an Eighth Amendment claim that Centurion has a policy or practice of delaying medical treatment and providing inadequate medical treatment to prisoners at Pendleton. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789–90 (7th Cir. 2014). This claim shall proceed under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), because the amended complaint alleges that Centurion is a private corporation that has contracted with the State (IDOC) to provide health care for prisoners. *See id.*

Anderson also **shall proceed** against Dr. Mwannunu on an Eighth Amendment that Dr. Mwannunu was aware of but deliberately indifferent to his severe pain from March 2023 to late fall 2025, and that he provided delayed and/or inadequate medical treatment pursuant to Centurion's unlawful policies or customs. *See Petties v. Carter*, 836 F.3d 722, 728–30 (7th Cir. 2016) (en banc) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

This includes all viable claims identified by the Court. The Court will **DISMISS** all other claims and defendants. If Anderson believes that additional claims were alleged in the amended complaint but not identified by the Court, he shall have **through November 16, 2026,** in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

To summarize, Anderson **shall proceed** on 1) an Eighth Amendment/*Monell* claim against Centurion for delaying medical treatment or providing inadequate medical treatment from March 2023 through late fall 2025 pursuant to a company policy, custom, or practice; and 2) an Eighth Amendment

claim of deliberate indifference against Dr. Mwannunu for delaying medical treatment or providing inadequate medical treatment from March 2023 through late fall 2025 pursuant to a Centurion policy, custom, or practice.

The **clerk is directed** to terminate Dr. Stephanie Riley and Dr. John Mershon as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Centurion Health of Indiana, LLC, and John Nwannunu in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on June 3, 2026, dkt. [18], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/16/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER E. ANDERSON
870077
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion
John Nwannunu
Centurion